**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DARRIN EUGENE MONEER**                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.: 1:07CV1060LG-JMR**

**HARRISON COUNTY DETENTION CENTER,
SERGEANT BLANKENSHIP, LIEUTENANT
GREGORY, CAPTAIN FOSTER, CAPTAIN
ROGERS, WARDEN CABANA, HARRISON
COUNTY BOARD OF SUPERVISORS,
HARRISON COUNTY & OFFICER FANNIN**                                    **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER
REGARDING MOTIONS TO DISMISS**</u>

        This matter is before the Court on a Motion [18-1] to Dismiss Pursuant to Rule 12(b)(6),

28 U.S.C. § 1915(e)(2)(i), and 42 U.S.C. § 1997(e)(C)(1) & (2) filed by Defendants Jacent

Gregory, Ricky Foster, Captain Rogers, and Warden Cabana on December 17,  2007.  On

December 31, 2007,  Defendant Fannin filed a Motion [21-1] to Dismiss and for Joinder in

Defendants' Motion [18-1] to Dismiss.  On January 22, 2008, Defendant Harrison County filed a

Motion [24-1] to Dismiss and for Joinder in Defendants' Motion [18-1] to Dismiss.  The Plaintiff

did not file a response to any of the Motions.  After careful review of the Motions and the

relevant law, it is the Court's opinion that they should be granted in part and denied in part.

DISCUSSION

<u>F</u>ACTS<u>:</u>

        Darrin Moneer ("Moneer") was a pre-trial detainee at the Harrison County Adult

Detention Center ("HCADC") at all times relevant herein.   On August 8, 2007, Moneer filed this

*pro se* § 1983 action against the HCADC, Sergeant Blankenship, Lieutenant Gregory, Captain

Foster, Captain Rogers, Warden Cabana, and Officer Fannin ("Defendants").   Pursuant to an

Order [10-1] by this Court, Moneer submitted an Amended Complaint [11-1] naming the

Harrison County Board of Supervisors as a defendant and providing more detailed information

regarding his constitutional claims.

According to Moneer's pleadings, on February 2, 2007, an inmate at the HCADC was

assaulted by Christopher Stewart ("Stewart") and others in an incident involving a breakfast tray.

Moneer alleges that he and several other inmates voiced concerns about Stewart to Officer Fannin,

and that Fannin told them that they were "pussies" and that they should mind their own business.

On February 12, 2007, Moneer was assaulted by Stewart while walking on the top tier of

the HCADC.  Moneer requested medical attention and was taken to Gulfport Regional Hospital.

An x-ray  revealed that Moneer had several broken teeth and had suffered several fractures to his

jaw.  The doctor who examined Moneer referred him to a plastic surgeon or oral surgeon as soon

as possible.  Following the examination, Moneer was returned to the custody of the HCADC.

On February 13, 2007, Moneer was interviewed by Sergeant Blankenship and cleared of

any wrongdoing in connection with the altercation.  Moneer alleges that, later that day, Sergeant

Blankenship and Officer Fannin returned to his cell and threatened him so that he would not press

charges against Stewart.

Following his interview with Blankenship and Fannin, Moneer was moved to the central

holding cell. Moneer alleges that he was left in the holding cell for thirteen days without pain

medication and was served only solid foods which he was unable to eat.  Furthermore,  Moneer

alleges that he was not allowed to contact  anyone, and his requests for grievance forms were

ignored.

On February 27, 2007, Moneer was taken to Dr. Watts' office for an examination and x-

rays.  Following the examination, Moneer was prescribed pain medication and antibiotics and placed on a soft food diet. On March 07, 2007, Moneer underwent surgery to repair the fractures to his jaw.

On August 30, 2007,  Moneer filed the present § 1983 suit alleging that Defendants failed to protect him from the assault by Stewart and denied him medical treatment.

STANDARD OF REVIEW:

The Complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because Moneer is a prisoner who proceeds *in forma pauperis*, the PLRA authorizes the Court to dismiss the case if it is determined that the complaint is frivolous.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks any arguable basis in law or fact.  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in fact if it is wholly based on an indisputably meritless legal theory . . . ." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  A motion to dismiss pursuant to § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996).  The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims.  *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir.1996).  "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on

these material points will be introduced at trial.'" *Rios v. City of Del Rio, Tex.*, 444 F.3d 417,

420-421 (5th Cir. 2006)(quoting 3 CHARLES ALAN WRIGHT & ARTHUR R.MILLER, FEDERAL

PRACTICE AND PROCEDURE: Civ. 2d § 1216 at 156-159 (footnote omitted)).  The Court does not

accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC*

*Commc'n Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion.

*Baker,* 75 F.3d at 196.  However, in evaluating a motion which challenges the adequacy of a

complaint under 12(b)(6) in a prisoner's *pro se* suit, this Court must look beyond the inmate's

formal complaint and consider material subsequently filed as amendments to that complaint.

*Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983).  Furthermore, the Fifth Circuit has stated:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the
> prison systems] in order to ensure that prisoner complaints, particularly *pro se*
> complaints, are not dismissed prematurely, however unlikely the set of facts
> postulated. An opportunity should be provided the prisoner to develop his case at
> least to the point where any merit it contains is brought to light.... *Pro se* prisoner
> complaints must be read in a liberal fashion and should not be dismissed unless it
> appears beyond all doubt that the prisoner could prove no set of facts under which
> he would be entitled to relief.

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989)(quoting *Taylor v. Gibson*, 529 F.2d 709,

713-714 (5th Cir. 1976)).

## ANALYSIS

Title 42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of

state law, deprives another of federally protected rights.  Therefore, section 1983 affords a remedy

to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities

secured by the Constitution and the Laws of the United States.  *White v. Thomas*, 660 F. 2d

680,693 (5th Cir. 1981).  A plaintiff cannot succeed merely by showing any deprivation of his

rights.  Section 1983 was intended to protect rights protected by federal law.  *Karmi-Panahi v.*

*Los Angeles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir.

1985).

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the

color of state law, deprives another of federally protected rights.  It neither provides a general

remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve

complaints of all who suffer injury at the hands of the state or its officers.  Municipal liability

under section 1983 requires proof of three elements: a policymaker; an official policy; and a

violation of constitutional rights whose "moving force" is the policy or custom.  *Piotrowski v.*

*City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S.

658, 694 (1978).  *Monell* and later decisions reject municipal liability predicated on *respondeat*

*superior*, because the text of section 1983 will not bear such reading.  *Board of Comm'rs of Bryan*

*County v. Brown*, 520 U.S. 397, 403 (1997).  "Congress did not intend municipalities to be held

liable unless action pursuant to official municipal policy of some nature caused a constitutional

tort."  *Monell*, 436 U.S. at 691.

A suit against a governmental agent or officer in his official capacity is a suit against the

office that the employee holds and not against the actual employee.  *See Kentucky v. Graham*, 473

U.S. 159, 165 (1985).  The three requirements for municipal liability outlined in *Piotrowski* are

necessary in order to distinguish between individual violations by local employees and those that

can be fairly attributed to conduct by the governmental entity itself.  *See Piotrowski*, 237 F.3d at

578-79.  The United States Supreme Court has clearly emphasized the necessity of an official

policy as a predicate to recovery under a theory of municipal liability:

     [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 695.  Therefore, municipalities may not be held liable for acts of lower level employees, but may be held liable for constitutional violations committed pursuant to an official policy or custom.  *Piotrowski*, 237 F.3d at 578.

     In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy.  *Id.* at 580; *See Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002) ("[T]he municipality must maintain its official policy with deliberate indifference to a constitutionally protected right.").  Deliberate indifference is an objective standard which encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson*, 286 F.3d at 264.

     The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation.  *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999).  *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (stating that these two requirements "must not be diluted").

With these principles in mind, the Court will now individually address each of Moneer's constitutional claims.

## I.  FAILURE TO PROTECT:

Moneer's Complaint and Amended Complaint fail to specify whether Defendants are liable in their official or individual capacities.  Therefore, the Court shall proceed as though Moneer has asserted both individual and official capacity claims.  *See Williams v. Love,* 2006 WL 1581908, *5 (S.D.Tex. 2006).  Moneer's official capacity claims against Defendants are, in reality, a claim against the offices which each occupied at the time of the alleged incidents and, ultimately, Harrison County.  Therefore, to the extent Moneer brings this action against Defendants in their official capacity, he must establish a constitutional violation, and in addition must satisfy the three requirements necessary to impose municipal liability: that the HCADC had an official policy, practice or custom which would subject it to section 1983 liability; that the official policy is linked to the constitutional violation(s); and that the official policy reflects the HCADC's deliberate indifference to that injury.  *See Lawson*, 286 F.3d at 263.

After reviewing the pleadings, the Court finds that Moneer has failed to allege that he suffered a violation of his constitutional rights.   Prison officials violate the Constitution only if they are both aware of a substantial risk to an inmate's  safety and fail to respond  properly.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The Fifth Circuit has held that, although *Farmer* involved a convicted prisoner, a jail official's constitutional liability to pretrial detainees[1] for

---

[1] Pretrial detainees and convicted prisoners  look to different constitutional provisions for their respective rights to basic needs such as medical care and safety.  The constitutional rights of a convicted prisoner are protected by the Eighth Amendment prohibition against cruel and unusual punishment, while a pretrial detainee's  flow from the due process guarantees of the

episodic acts or omissions should be measured by the *Farmer* standard of deliberate indifference. *See Hare v. City of Corinth, Miss*., 74 F.3d 633, 643 (5th Cir. 1996).   Therefore, Moneer  must show that he is incarcerated under conditions that create a substantial risk of serious harm, and that prison officials were deliberately indifferent to an inmate's safety.  *See Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006).  The standard is subjective.   Thus, "[t]he official must both be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and must in fact also have drawn the inference." *Id.* at 593 (internal quotations omitted).

Moneer has not alleged any facts that indicate the Defendants were aware of a substantial risk of serious harm to Moneer.  Not only were the Defendants uninvolved in the altercation between Moneer and Stewart, but Moneer has failed to allege that Defendants had any knowledge of the assault until after it had happened.  Although Moneer voiced concerns about Stewart to Officer Fannin prior to the altercation, there is no evidence to indicate that Fannin had any reason to anticipate that Stewart would indeed assault Moneer.  Moneer does not allege that Stewart specifically communicated any threat to him, or that there were any circumstances that foreshadowed Stewart's actions.  As such, there simply is no evidence that would suggest that any of the Defendants drew an inference that Moneer faced a substantial risk of harm at the hands of Stewart.

Additionally, the Court finds that Moneer has failed to allege sufficient facts to indicate that Defendants were deliberately indifferent to any substantial risk of harm.  Deliberate indifference is the subjective intent to cause harm, and it cannot be inferred from a jail official's failure to act

---

Fourteenth Amendment. *See Hare v. City of Corinth, Miss*., 74 F.3d 633, 639 (5th Cir. 1996).

reasonably.  It is not the same as negligence.  *Hare,* 74 F.3d at  648.  "Negligent conduct by a prison official cannot be the basis for a due process claim."  *Id.* at 646.  Moneer alleges that Defendants allowed the HCADC to be understaffed and that the facility lacked adequate security features.  However, these allegations alone are insufficient to establish deliberate indifference to Moneer's health or safety.   At most, the Defendants' conduct constitutes negligence that does not rise to the level of deliberate indifference.

Furthermore, Moneer has failed to establish that Defendants acted with deliberate indifference to his safety in relation to the assault by Stewart.  Moneer specifically states that Defendants interviewed him in regard to the assault, provided him with medical treatment, and segregated him from both Stewart and his gang members.  Even if the Court accepts as true Moneer's allegations that Defendants discouraged him from pressing charges against Stewart, these actions would not constitute deliberate indifference to his safety.  The record is clear that Moneer has been kept in protective custody since the assault, and that Stewart has been removed from the HCADC.

Assuming, *arguendo*, that Moneer's allegations are sufficient to establish the violation of a clearly established constitutional right, the Court finds that Moneer has failed to establish a  policy or custom of the HCADC  was the "moving force" behind his injuries. To support his official liability claims, Moneer contends  that the HCADC had a policy or custom of failing to protect the inmates and pretrial detainees.  Specifically, Moneer argues the Defendants are liable for the injuries he sustained during an attack by a fellow inmate due to inadequate staffing, security, and supervision at the HCADC.  However, Moneer fails to allege that he suffered any direct harm or injury as a result of these conditions.  The Court finds that such bare allegations, even if accepted as

-9-

true, are simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation.  At best, Moneer's claims amount to isolated incidents of negligent conduct, which, by themselves, are unable  to support the instant official capacity claims against Defendants.  *See Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986).

In summary,  Moneer has not alleged any facts what would indicate that  Defendants were aware of a substantial risk of harm to Moneer, or that Defendants were deliberately indifferent to any such risk.  Furthermore, Moneer has offered only conclusory allegations that a custom or policy at the HCADC was  the "moving force" behind his alleged injuries.  Accordingly, the Court finds that Moneer's Complaint fails to state an official capacity claim against Defendants for failing to protect him from assault.

With regard to Moneer's  individual capacity claims raised against Defendants, the Court finds that Moneer had failed to overcome the bar of qualified immunity.  In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged the violation of a clearly established constitutional right.  *Siegert v. Gilly*, 500 U.S. 226, 231 (1991).  If a violation of a right has been alleged, then it must be determined whether the defendant's conduct was objectively reasonable.  Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable.  *Hare*, 135 F.3d at 327.

 In this case, the Court finds that Moneer has failed to allege a violation of a clearly established constitutional right or any unreasonable conduct on the part of the Defendants.  Prison officials violate the Constitution only if they are aware of a substantial risk to inmates safety and respond with deliberate indifference to that risk.  *Hare*, 135 F.3d at 650.  Moneer's pleadings fail to

-10-

establish that Defendants were aware that he faced a substantial risk of harm or that Defendants were deliberately indifferent to his safety.   Moneer does not allege that Defendants were personally involved in the altercation between himself and Stewart, nor does he allege that Defendants had any knowledge of the altercation until after it had happened.  Further, Moneer has presented no evidence to indicate that Defendants had any reason to anticipate or foresee Stewart's assault upon Moneer. Accordingly, the Court finds that Moneer has failed to establish the violation of a constitutional right.

Additionally, Moneer has presented no evidence of any unreasonable conduct on behalf of the Defendants.  As stated previously, the Defendants were not involved in the altercation between the inmates.  Furthermore, when the Defendants' staff was alerted that a fight involving Moneer and Stewart occurred, they immediately conducted an investigation as to who was involved in the fight and to what extent.  Following the altercation,  Moneer was promptly taken for a medical examination of his injuries. Ultimately, Moneer was placed in protective custody and Stewart was removed from the HCADC.

Moneer has failed to allege that he suffered a violation of his constitutional rights, or that Defendants' actions were  objectively unreasonable.  Thus, the Court finds that Moneer has failed to state an individual capacity claim against Defendants for failure to protect him from assault.

II.   DENIAL OF MEDICAL CARE:

Moneer's Complaint and Amended Complaint fail to specify whether Defendants are liable in their official or individual capacities.  Therefore,  the Court shall proceed as though Moneer has asserted both individual and official capacity claims. The Court notes that Moneer's official

-11-

capacity claims against Defendants are, in reality, a claim against the offices which each occupied at the time of the alleged incidents and, ultimately, Harrison County.  Therefore, to the extent Moneer brings this action against Defendants in their official capacity, he must establish a constitutional violation, and in addition must satisfy the three requirements necessary to impose municipal liability: that the HCADC had an official policy, practice or custom which would subject it to section 1983 liability; that the official policy is linked to the constitutional violation(s); and that the official policy reflects the HCADC's deliberate indifference to that injury.  *See Lawson*, 286 F.3d at 263.

After reviewing the pleadings, the Court concludes that Moneer has failed to state an official capacity claim against Defendants for denial of medical treatment.  Moneer claims that Defendants failed to provide him with proper medical care.  Specifically, Moneer alleges  that, after he was diagnosed with multiple fractures to his jaw, he was left isolated in a cell for thirteen days with no pain medication and provided with food which he could not eat.  However, other than the above mentioned allegations of inadequate medical care, Moneer neither alleges nor presents evidence that an official policy of the HCADC existed which violated his constitutional rights.  The Court finds that such bare allegations, without more, are simply insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation.  At best, Moneer's assertions amount to an isolated incident of negligent conduct, which, by itself, is insufficient to support the instant official capacity claims against Defendants.

Additionally, Moneer's Complaint and Amended Complaint  assert  claims against Defendants in their individual capacities.  In response, Defendants claim that Moneer has failed to demonstrate that Defendants, in their individual capacities, were deliberately indifferent to his

serious medical needs.   There is no significant distinction between pretrial detainees and convicted inmates when the denial of medical care is at issue. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).  When an alleged constitutional violation for failure to provide adequate medical care stems from an episodic act or omission, the question is whether the state official acted with deliberate indifference to the individual's constitutional rights. *See Gibbs*, 254 F.3d at 548.  In order to prove deliberate indifference to serious medical needs, and thus a constitutional violation, a prisoner must show that the state official knew of and disregarded an excessive risk to inmate health or safety. *See Stewart v. Murphy*, 174 F.3d 530, 534-35 (5th Cir. 1999).  Deliberate indifference is more than mere negligence in providing or failing to provide medical treatment. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982). Disagreement with medical treatment alone is insufficient to support a claim under section 1983. Rather, "the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Although Defendants contend that Moneer's allegations are insufficient to state a claim for denial of medical care, the Court disagrees.  The record indicates that, following the assault at the hands of Stewart, Moneer was taken to Gulfport Memorial Hospital to be examined by a physician. X-rays revealed that Moneer suffered several fractures of his lower jaw as well as several broken teeth.  Moneer alleges that the physician on duty recommended that he be referred to an oral surgeon or plastic surgeon as soon as possible.  However, Moneer contends that he was returned to the HCADC and placed in an isolated cell for thirteen days before being seen by another physician.

-13-

Furthermore, Moneer alleges that Defendants did not provide him pain medication during this period and served him solid foods which he was unable to chew.  Finally, Moneer alleges that he made repeated requests for grievance forms but that he was ignored.

Defendants argue that Moneer is unable to present evidence of deliberate indifference to his serious medical needs because he was seen by a physician and ultimately received surgery to repair the fractures in his jaw.  However, Moneer does not disagree with the medical treatment he received, but rather contends that he was left to suffer without pain medication in the period between his initial examination and surgery.  Taking Moneer's allegations as true, as the Court must, Moneer was not allowed to see the physician on duty at the HCADC until thirteen days after the incident, and only then was he prescribed pain medication and a liquid diet.  Furthermore, he requested and was denied grievance forms during this period. The Court finds that Defendants' alleged conduct meets the deliberate indifference threshold.   Accordingly, Moneer has pled sufficient facts to state a claim against for denial of medical treatment pursuant to § 1983.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Moneer has failed to state either an individual or official capacity claim against Defendants for failure to protect him from assault. Additionally, Moneer has failed to state an official capacity claim against Defendants for denial of medical treatment.  However, the Court finds that Moneer's allegations are sufficient to state an individual capacity claim against Defendants for denial of medical treatment.  Accordingly, the Defendants' Motions to Dismiss will be granted in respect to Plaintiff's claim of failure to protect, and Plaintiff's claim of denial of medical care to the extent that it is alleged against the Defendants in their official capacities.  The Motions to Dismiss will be denied as to Plaintiff's claim of denial

of medical care against Defendants in their individual capacities.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [18] filed by Jacent Gregory, Ricky Foster, Captain Rogers, and Warden Cabana is **DENIED** as to Plaintiff's claim of denial of medical care and **GRANTED** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Fannin's Motion to Dismiss [21] is **DENIED** as to Plaintiff's claim of denial of medical care and **GRANTED** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Harrison County's Motion to Dismiss [24] is **GRANTED**.  Plaintiff's claims against Harrison County, including its subdivision, the Harrison County Board of Supervisors, are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 26th day of September, 2008.


s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

-15-